**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IURII MAKARIAN,

Petitioner,

v.

Case No. 2:26-cv-02959-MIS-JMR

WARDEN, Otero County Processing Center; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Acting Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Iurii Makarian's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 8, 2026. The Petitioner is a citizen of Russia and the Ukraine, who has resided in the United States since May 25, 2022, when he was granted humanitarian parole. Pet. at ¶¶ 5, 7. After entry, Petitioner was granted temporary protected status ("TPS"), and he has timely filed for renewals of that status. Id. at ¶¶ 8-10. Petitioner has also been granted a Notice of Continued Evidence of Work Authorization, which states that unless his TPS has been withdrawn or the TPS request denied he continues to have TPS and employment authorization. Id. at ¶ 11. Petitioner has resided in Jacksonville, Florida, and has maintained lawful employment. Id. at ¶¶ 14-15. Petitioner has no criminal history. Id. at ¶ 18. Nevertheless, on July 22, 2026, was taken into custody by Immigration

Customs and Enforcement and has been detained ever since. Id. at ¶ 19. He is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. at ¶ 19. Prior to his detention, he was not provided a bond hearing. Id. at ¶ 21. Petitioner argues that his detention without pre-deprivation notice and a bond hearing violates his Fifth Amendment right to due process and also violates 8 U.S.C. § 1254a(d)(4). Id. at ¶¶ 28-33 and 34-39. He seeks immediate release from detention. Id. at p. 5.

On September 10, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 5. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) or 8 U.S.C. Section 1254a(d)(4) require relief." Id.

On September 24, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 7.[1] Therein, they state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1-2 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process and in violation of 8 U.S.C. § 1254a(d)(4).

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.

In addition, 8 U.S.C. §1254a(d)(4) shields an alien with temporary protected status from detention, stating that "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." See also Echeverria v. Janecka, No. 1:25-CV-01832-KES-SAB (HC), 2026 WL 44896, at *1 (E.D. Cal. Jan. 7, 2026) (noting Respondents conceded that §1254a(d)(4) applied, having not located any withdrawal or notice of withdrawal of TPS benefits). Respondents do not provide information that shows any expiration, withdrawal, or notice of withdrawal of Petitioner's TPS benefits and so the Court finds they have conceded that Petitioner retains TPS. Thus, Section 1254a(d)(4) also makes his detention unlawful.

The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally ECF 7. The Court further orders that Petitioner shall not be re-detained without notice to him that his TPS has been withdrawn and without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Iurii Makarian from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without notice to him that his TPS has been withdrawn and without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE